# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

ROCKIE PICKENS,                                                                                            PLAINTIFF

V.                                                                                                   NO. 4:03CV427-P-D

VIMAL POWELL,                                                                         DEFENDANT

## ORDER DISMISSING COMPLAINT PURSUANT TO RULE 4(M), DENYING MOTION TO AMEND COMPLAINT, AND DENYING MOTION FOR WRIT OF MANDAMUS

A hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), was held in this *pro se* § 1983 conditions of confinement case on January 22, 2004. Magistrate Judge Jerry Davis ordered that process be issued against Vimal Powell, the sole defendant, who was employed by the Mississippi Department of Corrections (MDOC) at the time the acts occurred of which the plaintiff bases his complaint. The attorney for the MDOC, who was present at the *Spears* hearing, agreed to accept service of process for the defendant. On February 5, 2004, Leonard Vincent, the attorney for the MDOC, advised the court by letter that Mr. Powell was no longer employed by the MDOC and that therefore process could not be accepted on his behalf. The letter also listed the defendant's last known address. The plaintiff attempted to have process served on the defendant, without success.

The plaintiff moved for default judgment on May 24, 2004. The motion was denied on June 1, 2004, because the defendant had not been served. Service of process was again attempted on the defendant, but was again unsuccessful. Plaintiff again moved for default judgment on December 13, 2004. The motion was denied by Magistrate Judge Davis on January 11, 2005, because service of process had still not been accomplished.

Plaintiff was ordered on April 25, 2005, to show cause within 30 days why his case should not be dismissed in accordance with Rule 4(m), Federal Rules of Civil Procedure, which states that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court ... after notice to the plaintiff, shall dismiss the action without prejudice to that defendant ...." Plaintiff filed a response on May 20, 2005, which the court has considered and found unpersuasive.

Also before the court is a motion by plaintiff to amend his complaint by adding two defendants: Richard Pennington, the Director of the Inmate Legal Assistance Program at the Mississippi State Penitentiary; and Christopher Epps, the Commissioner of the Mississippi Department of Corrections.

Rule 15(a), Federal Rules of Civil Procedure, provides for amendment of the complaint once as a matter of course at any time before a responsive pleading is served without leave of court. Under Rule 15(a), a second or later amendment may be filed "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." This case was filed more than 18 months ago and an amended complaint was filed on March 1, 2004. Both the parties which plaintiff seeks to add as defendants are being sued in their capacity as supervisors of the original defendant. Under 42 U.S.C. § 1983, respondeat superior liability does not exist. *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978). A hearing has been conducted pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) and many pleadings have been filed by the plaintiff. There is no showing that plaintiff has completed the exhaustion of administrative remedies against either defendant as required under Section 7 of 42 U.S.C. 1997(e). The court can see no justification for ordering the amendment of supervisory defendants at this stage and is unconvinced that "justice so requires" the amendment to be allowed.

Finally, plaintiff has moved for a writ of mandamus requiring the United States Marshall's Service to serve process on defendant Vimal Powell. The Marshall's office has attempted service on several occasions and has been unable to locate the defendant. To order that they try yet another time is unnecessary. Accordingly, it is

**ORDERED:**

1) this case is dismissed without prejudice in accordance with Rule 4(m), Federal Rules of Civil Procedure;

2) the motion to amend the complaint (docket entry 42) is denied; and

3) the motion for a writ of mandamus (docket entry 43) is denied.

**SO ORDERED**, this the 23rd day of May, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE