UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ROCKIE D. PICKENS                                                                                          PLAINTIFF

V.                                                                      CIVIL ACTION NO.4:03CV427-WAP-JAD

VIMAL POWELL                                                                                            DEFENDANT

ORDER REVOKING IN FORMA PAUPERIS STATUS

The court *sua sponte* has reconsidered the granting of *in forma pauperis* status to this plaintiff. The plaintiff is now barred from filing any further complaints, *in forma pauperis*, having received three strikes in litigation. 28 U.S.C. § 1915(g). While this provision does not control Pickens' *in forma pauperis* status since he had not received three strikes at the time that he filed this action, the fact that he is now barred is relevant and a matter legitimately considered by the court in this action. Title 28 U.S.C. § 1915(a)(1) provides, "[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets of such prisoner possesses that the person is unable to pay such fees or give security therefor." Pickens was granted *in forma pauperis* status under this section to commence this action. This statute does not provide an absolute right to proceed *in forma pauperis* in federal courts. *Carter v. Thomas*, 527 F. 2d 1332 (5th Cir. 1976). It is a privilege extended to those unable to pay the filing fees when an action is not frivolous or malicious. *Startti v. U.S.A.*, 415 F. 2d 1115 (5th Cir. 1969). The court has discretion to determine whether or not to grant this status, *Carter v. Telectron*, 452 F. Supp. 939 (S.D. Tex. 1976), and the court may monitor a civil action that has been instituted *in forma pauperis* to avoid or minimize abuse of prosecution of such civil suits. *Hawkins v. Elliot*, 385 F. Supp. 354(D.C. S.C 1974) and *Mann v. Leeke*, 73 F.R.D. 264(D.C.

S.C.1974).

There are no allegations in his complaint that Pickens faces any physical danger. The defendant Powell is accused of repeatedly stealing Pickens' legal mail. There are no factual allegations made to support the accusation. Pickens complains about Powell's stealing legal mail in the case of *Pickens v. Minton*, 4:03cv228, a case in which he acquired two of his three strikes. He complains that a complaint in was stolen. No mention is made of any merit to this complaint, or resulting prejudice. He complains that two motions for transcripts at government expense were stolen from the mail, after he was denied IFP status on appeal. He seeks only punitive damages without factual allegations to support the granting of punitive damages.

Pickens could not now institute this action *in forma pauperis* status. The court, in its discretion, finds that he should not be allowed to continue the prosecution of this action *in forma pauperis*. Pickens shall pay to the full filing fee of $ 150.00 to the clerk of the court within thirty days of this order. Failure to pay the filing fee in full shall result in dismissal of this action.

SO ORDERED this the 30th day of October, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE